FILED
2007 Apr-10 PM 03:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| ALABAMA DEPARTMENT OF TRANSPORTATION, | ] ] ] | |
| Plaintiff, | ] ] | |
| vs. | ] ] | |
| TOOMER ELECTRICAL COMPANY, INC., | ] ] ] | |
| Defendant, | ] ] | 07:07-CV-00106-LSC |
| and FIDELITY & DEPOSIT CO. OF MARYLAND, | ] ] ] | |
| Defendant/Third-Party Plaintiff, | ] ] ] | |
| vs. | ] ] | |
| AMERICAN SIGNAL COMPANY, INC., | ] ] | |
| Third-Party Defendant. | ] | |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration a motion to remand, which was filed by Alabama Department of Transportation ("ALDOT") on January 24, 2007.

(Doc. 8.) ALDOT initially filed its complaint against defendants Toomer Electrical Company, Inc. ("Toomer"), and Fidelity and Deposit Company of Maryland, Inc. ("F&D"), in the Circuit Court of Tuscaloosa County, Alabama, on October 24, 2006. F&D subsequently filed a Third-Party Complaint against American Signal Company, Inc. ("Amsig"), on December 11, 2006, and Amsig removed the entire action to this Court based on diversity of citizenship on January 12, 2007.

Upon due consideration, and for the reasons that follow, this cause is due to be remanded to the Circuit Court of Tuscaloosa County, Alabama.

II.   Factual Summary.[1]

On or around November 16, 2001, ALDOT and Toomer entered into a written agreement in which Toomer agreed to furnish and install Dynamic Message Signs at various locations throughout Tuscaloosa and Northport, Alabama, as part of a highway improvement program. F&D issued a Performance Bond on behalf of Toomer for the provision, construction, and

---

[1] For remand purposes, the facts are as alleged in the complaint(s) unless otherwise indicated. Recitation of the facts alleged by the plaintiff(s) in this opinion is not to be construed as a verification that the allegations are true.

installation of the signs.  Toomer purchased or obtained its signs from Amsig.

On or around January 12, 2004, ALDOT sent Toomer written notice that its progress in meeting their contractual terms was unacceptable.  On February 2, 2004, ALDOT notified F&D that Toomer was in default and requested that F&D fulfill its responsibilities as surety.  In May 2004, F&D signed a Takeover Agreement with ALDOT and agreed to complete Toomer's remaining obligations.

ALDOT claims that it subsequently notified F&D of testing required to verify the compliance of specific functions in the signs provided.  ALDOT also asked that F&D correct water intrusion and condensation problems with the signs on or before February 25, 2005.  The problems were not corrected, and the signs failed the required testing.  ALDOT demanded that F&D remove and replace the signs, and F&D refused.  ALDOT filed suit against Toomer and F&D for breach of contract.  F&D filed a third-party complaint against Amsig, which alleged the following: "In the event Fidelity & Deposit should ultimately be determined to be liable to plaintiff [ALDOT] by virtue of the alleged failure of the aforesaid Signage, then American Signal should

be liable to Fidelity & Deposit in an equal amount.  Fidelity & Deposit's right of recovery against AMSIG is based in contribution, indemnity and by contract as third-party beneficiary."

III.    Standard for Remand.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  For removal to be proper, the court must have subject-matter jurisdiction in the case.  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand.  See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Defendants bear the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

IV.     Discussion.

This entire action was removed to federal court by Amsig, a third-party defendant. Neither Toomer nor F&D has attempted to remove nor joined in the removal of this action. In its Notice of Removal, Amsig states that this case "is properly removable under 28 U.S.C. § 1441(a) and (b)." (Doc. 1 ¶ 10.) Amsig also argues that all parties are diverse and the amount in controversy exceeds $75,000.00.

Most federal courts have restricted the right to removal under 28 U.S.C. § 1441 to "true" defendants; neither plaintiffs nor third-party defendants may remove an action from state court. *See* C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure*, § 3731 (3d ed. 1998 & Supp. 2006); *see also Hayduk v. United Parcel Serv., Inc.*, 930 F. Supp. 584, 589. (S. D. Fla. 1996). Binding case law in this circuit, however, does allow a third-party defendant to remove a claim pursuant to 28 U.S.C. § 1441(c); the question is whether the specific circumstances outlined in that provision apply here.

In *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir. 1980),[2] the appellate court held that a third-party defendant may remove an action to federal court when the third-party claim states a "separate and independent controversy." *Id.* at 135-36. Specifically, "[i]f the third party complaint states a separate and independent claim which if sued upon alone could have been properly in federal court, there should be no bar to removal." *Id.* at 136. In *Carl Heck Engineers, Inc.*, the appellate court determined that the defendant's claim for indemnity against the third-party defendant stated a "real controversy, not unrelated to the main claim, but sufficiently independent of it that a judgment in an action between those two parties alone can be properly rendered." *Id.* The court also noted that "[s]uch actions can be and often are brought in a separate suit from that filed by the original plaintiff in the main claim." *Id.*

While the Third-Party Complaint in this action makes mention of "indemnity," the circumstances in this case are not comparable to the third-party action discussed in *Carl Heck Engineers, Inc.* In the Fifth Circuit case,

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as precedent the decisions of the former Fifth Circuit issued prior to October 1, 1981.

the third-party action was based solely on the court's interpretation of an indemnity provision in the parties' takeover agreement: did the third-party defendant agree to defend the defendant and hold it harmless from the plaintiff's claims? *Id*. at 134-35.  In addressing the third-party claim, the district court was not required to address or assess the validity of the underlying claim.  The Third-Party Complaint in this case, however, essentially makes the allegation: "if we're liable, they're liable."  And, F&D bases its right to recovery on the additional theories of contribution and contract as third-party beneficiary.  Simply put, F&D's third-party action against Amsig is not "distinct and independent from the main claim."  *See id*. at 136.  Therefore, Amsig has no right to removal and this cause is not properly before this Court.

V.     Conclusion.

For the reasons stated above, this cause of action will be remanded to the Circuit Court of Tuscaloosa County, Alabama, from which it was improvidently removed.  A separate order will be entered.

Done this <u>10th</u> day of <u>April 2007</u>.

/s/ L. Scott Coogler
_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153